UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | : | |
|---|---|---|
| *In re Ex Parte* Application of FourWorld Event Opportunities Fund, L.P. for an order, pursuant to 28 U.S.C. § 1782, Granting It Leave To Obtain Discovery for Use in Foreign Proceedings. | : : : : : : | Case No. 22-mc-00330 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PETITIONER'S *EX PARTE* APPLICATION FOR AN ORDER
GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE
IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782**

Based upon the concurrently filed Memorandum of Law, the Declarations of Pontus Scherp and Marc R. Rosen, and supporting documents, petitioner FourWorld Event Opportunities Fund, L.P. (the "Petitioner") respectfully applies *ex parte* to this Court for an order, pursuant to 28 U.S.C. § 1782 and Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, granting it permission to serve respondent JPMorgan Chase & Co. ("JPM") with the subpoenas attached as Exhibits 1 and 2 to the Declaration of Marc R. Rosen (the "Subpoenas"), requiring the production of documents and deposition testimony for use in pending Swedish legal proceedings.

Section 1782 authorizes litigants in foreign proceedings to obtain discovery in the United States for use in the foreign litigation and states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

As explained in the accompanying submissions, Petitioner's application satisfies the requirements of Section 1782. JPM, whose corporate headquarters and principal place of business are located at 383 Madison Avenue, New York, New York 10179, is "found" within this district.

The discovery sought by Petitioner is for use in the court proceedings pending before a foreign tribunal, the Stockholm District Court. Petitioner is a plaintiff in these foreign legal proceedings and is an "interested person" under 28 U.S.C. § 1782.

The factors set out by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), weigh heavily in favor of granting Petitioner's application and ordering JPM to comply with the limited discovery requests: (i) the discovery sought is not within the foreign tribunal's jurisdictional reach because JPM is not a party to the Swedish court proceedings; (ii) there is no indication that the Swedish court will be unreceptive to the discovery; (iii) Petitioner is not utilizing this discovery application to circumvent any proof-gathering restrictions or policies in Sweden; and (iv) the targeted discovery sought by Petitioner, which relates to the proper buy-out price of the shares of Hembla AB ("Hembla") and the squeeze-out of Petitioner and Hembla's other minority shareholders, the subjects of the ongoing court proceedings in Sweden, is tailored and not unduly burdensome or intrusive.

Accordingly, Petitioner seeks the assistance of this Court to obtain important discovery from JPM and respectfully requests entry of an order granting this application under 28 U.S.C. § 1782, authorizing the requested discovery and issuance of the Subpoenas, and directing JPM to comply with the Subpoenas in accordance with the Federal Rules of Civil Procedure and applicable law.[1]

---

[1] Petitioner's application is properly filed *ex parte*. As the Second Circuit has recognized, applications pursuant to Section 1782 often are filed *ex parte* because the entities from whom discovery is sought "can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*."); *see also In re Del Valle Ruiz*, 342 F. Supp. 3d 448, 457 (S.D.N.Y. 2018) ("[A]s a general matter, *ex parte* review is justified by the fact that the parties from whom discovery is sought will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it."); *In re Ex Parte Application of Nokia Corp.*, 2013 WL 6073457, at *2 (N.D. Cal. Nov. 8, 2013) ("It is common for parties to request and obtain orders authorizing discovery *ex parte*.").

Dated: November 21, 2022

                                 **KLEINBERG, KAPLAN, WOLFF & COHEN, P.C.**

                          By: _/s/ Marc R. Rosen_
                                    Marc R. Rosen
                                    Alisa Benintendi

                          500 Fifth Avenue
                          New York, New York  10110
                          Telephone:  (212) 986-6000
                          Facsimile:   (212) 986-8866

                          *Attorneys for Petitioner FourWorld Event Opportunities Fund, L.P.*