

O'Melveny & Myers LLP  
Times Square Tower  
7 Times Square  
New York, NY 10036-6537

T: +1 212 326 2000  
F: +1 212 326 2061  
omm.com

**Abby F. Rudzin**  
D: +1 212 326 2033  
arudzin@omm.com

April 18, 2023

**VIA ECF**

The Honorable J. Paul Oetken  
United States District Court  
Southern District of New York  
40 Foley Square  
New York, NY 10007

Re:   *In re Application of FourWorld Event Opportunities Fund, L.P.* (No. 1:22-mc-00330)

Dear Judge Oetken:

  Respondent J.P. Morgan Chase & Co. ("JPM") submits this notice of supplemental authority to inform the Court of the April 12, 2023 oral decision in *In re: Ex Parte Application of FourWorld Event Opportunities Fund L.P.*, No. 22-mc-00316-KPF ("*FourWorld-Ulbrich*"), which is relevant to JPM's pending motion to quash Petitioner FourWorld Event Opportunities Fund, L.P.'s document and deposition subpoenas on JPM.  The transcript of the oral ruling is attached as Exhibit 1.

  In *FourWorld-Ulbrich*, Judge Failla granted a motion to quash document and deposition subpoenas issued by FourWorld—the same petitioner here—that are materially indistinguishable from those before this Court:  They seek essentially the same materials about the same transaction for use by the same party in the same proceeding pending in the Stockholm District Court.  (*Compare* 22-mc-00316-KPF Dkt. Nos. 24-1, 24-2 *with* 22-mc-330-JPM Dkt. Nos. 20-1, 20-2.)  While the petition filed in this Court was directed at JPM, the parent company of the U.K. financial advisory firm that worked on the acquisition of Hembla AB by HomeStar InvestCo AB and its German parent company Vonovia SE, the petition before Judge Failla sought discovery from Christian Ulbrich, a Vonovia supervisory board member.  The applications are otherwise materially identical.

  Judge Failla's decision in *FourWorld-Ulbrich* confirms that—even setting aside the threshold "possession, custody, and control" showing and statutory requirements FourWorld fails to satisfy here (*see* JPM Mem. at 7-18)—this Court should exercise its discretion in applying the *Intel* factors to quash the subpoenas on JPM.  Relevant here, Judge Failla reasoned as follows:

- *Factor 1 (whether the discovery is within the jurisdictional reach of the foreign tribunal)*:  Judge Failla determined that this factor cut decisively against FourWorld because the "real targets" of the discovery sought by FourWorld are "Vonovia, Homestar and Hembla," of which "[t]he latter two . . . are plainly within the reach of the Stockholm District Court."  (Tr. 19:24-20:1, 21:1.)  Judge Failla emphasized that

"petitioner is actively seeking discovery from these three entities in the Stockholm District Court"—discovery that "is largely cumulative of that sought through this application," such that "[m]uch, if not at all, of this information is plainly within the possession of parties to the Stockholm District Court proceeding." (*Id.* 20:3-7, 20:23-21:1.) The contention that "the parties to the Stockholm proceeding are resisting discovery that is within that court's reach," meanwhile, was irrelevant to the analysis under this factor. (*Id.* 23:15-17.)[1]

- *Factor 3 (whether the petition is an attempt to circumvent foreign proof-gathering restriction).* Given that the Ulbrich application was "largely duplicative" of the discovery being sought in Stockholm District Court, and in light of the foreign tribunal's pending ruling on the nearly identical document requests, Judge Failla reasoned that "petitioner has either set this cour[t] on a collision course with the Stockholm District court or put this Court in a position to order discovery largely cumulative of what that court might order." (Tr. 26:21, 27:8-12.) This factor thus also weighed in favor of quashing the subpoenas.

- *Factor 4 (whether the petition is unduly burdensome).* Judge Failla identified numerous burdensome aspects of the subpoenas further weighing in favor of granting the motion to quash, including, as relevant here: (1) the undue burden "as a matter of proportionality" given the negligible "relevance of the requested discovery" to the "narrow issue before the Stockholm District Court related to whether departure from the Listed Price Rule is warranted" (*Id.* 31:9-11, 23; 32:2-3);[2] (2) FourWorld's failure to demonstrate that the documents were within the respondent's "possession, custody, or control" (*Id*. 32:14); (3) FourWorld's "disregard [for] any and all distinctions between and among corporate form[]s" (*Id*. 33:1-3), and (4) "the costs imposed by the [General Data Protection Regulation]," which, while "not dispositive," served to "compound the burden" (*Id*. 36:8-9). Judge Failla further determined that no "narrower document subpoena would alleviate the burdens" she identified. (*Id.* 40:7-9.)

Judge Failla's reasoning applies equally in this case. Indeed, some aspects apply with even greater force. (*See, e.g.*, Mem. at 7-14 (explaining that deficient showing of "possession,

---

[1] Judge Failla determined that the second *Intel* factor—whether the foreign tribunal would be receptive to the discovery—weighed in favor of FourWorld because Mr. Ulbrich had not meaningfully contested it. *See* Tr. 24:4-6. JPM, by contrast, has explained that this factor should weigh against FourWorld because the application's premature nature precludes a conclusive determination of receptivity. (See Mem. at 20-21.)

[2] While these same considerations also render the statutory "for use" requirement unsatisfied (*see* Mem. at 15-18), Judge Failla's reasoning demonstrates that the same result obtains whether these deficiencies in the application are considered at the statutory step or under the *Intel* factors.



custody, or control" causes application to fail at threshold, not just points *Intel* factor four in favor of JPM).)  Judge Failla's ruling thus lends further support to JPM's motion to quash.

                                                                                   Respectfully,

                                                                                  */s/ Abby F. Rudzin*

                                                                                  Abby F. Rudzin
                                                                                  *of* O'Melveny & Myers LLP

cc:   All Counsel (via ECF)